1  **LEWIS BRISBOIS BISGAARD & SMITH LLP**
   JEFFREY S. RANEN, SB# 224285
2    E-Mail: Jeffrey.Ranen@lewisbrisbois.com
   SOOJIN KANG, SB# 219738
3    E-Mail: Soojin.Kang@lewisbrisbois.com
   ERIC O. ZEIGER, SB# 312425
4    E-Mail: Eric.Zeiger@lewisbrisbois.com
   633 West 5th Street, Suite 4000
5  Los Angeles, California 90071
   Telephone: 213.250.1800
6  Facsimile: 213.250.7900

7  Attorneys for Defendant GEO SECURE
   SERVICES, LLC
8

9              UNITED STATES DISTRICT COURT

10            SOUTHERN DISTRICT OF CALIFORNIA

11
   JULIE BRITNEY CASTILLO            Case No.  **'22CV445  MMAMDD**
12 Individually, and on behalf of other
   members of the general public similarly   **DEFENDANT GEO SECURE**
13 situated,                                 **SERVICES, LLC'S NOTICE OF**
                                             **REMOVAL**
14            Plaintiff,

15      vs.

16 GEO SECURE SERVICES, LLC, a
   Florida limited liability company; and
17 DOES 1-10, inclusive,
                                             Action Filed:   February 24, 2022
18            Defendants.                     Trial Date:     None Set

19

20

21      **TO THE CLERK OF THE ABOVE-ENTITLED COURT, PLAINTIFF,**

22 **AND HIS ATTORNEY OF RECORD:**

23      PLEASE TAKE NOTICE that Defendant GEO SECURE SERVICES, LLC

24 ("Defendant"), hereby removes the action *Julie Britney Castillo v. GEO Secure*

25 *Services, LLC*, pending in the Superior Court of California, County of Imperial,

26 Case No. ECU002280, to the United States District Court for the Southern District

27 of California.  Removal is based on the Class Action Fairness Act ("CAFA").  This

28 Court has original subject matter jurisdiction over Plaintiff Julie Castillo's

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

1  ("Plaintiff") lawsuit under 28 U.S.C. §§ 1332(d)(2), 1441, 1446, and 1453, because

2  it is a proposed class action, minimal diversity exists, and the amount in controversy

3  exceeds $5,000,000.  Accordingly, removal is proper based on the following

4  grounds:

5  **I.    STATEMENT OF JURISDICTION UNDER THE CLASS ACTION FAIRNESS ACT**

6

7        1.    On February 18, 2005, the Class Action Fairness Act ("CAFA") was

8  enacted.  In relevant part, CAFA grants federal district courts original jurisdiction

9  over civil class action lawsuits filed under federal or state law in which any member

10  of a class of plaintiffs is a citizen of a state different from any defendant, and where

11  the amount in controversy exceeds $5,000,000, exclusive of interest and costs.

12        2.    This Court has jurisdiction over this case under the Class Action

13  Fairness Act, 28 U.S.C. section 1332(d), and this case may be removed pursuant to

14  the provisions of 28 U.S.C. section 1441(a), in that it is a civil action wherein: (1)

15  the proposed class contains at least 100 members; (2) the defendant is not a state,

16  state official, or other governmental entity; (3) the total amount in controversy for

17  all class members exceeds $5,000,000; and (4) there is diversity of citizenship

18  between at least one class member and one defendant.  Each of these conditions

19  were satisfied at the time this action was initiated and now at the time of removal.

20        3.    CAFA's minimal diversity requirement is satisfied when: (1) at least

21  one plaintiff is a citizen of a state in which none of the defendants are citizens, (2) at

22  least one plaintiff is a citizen of a foreign state and one defendant is a U.S. citizen,

23  or (3) at least one plaintiff is a U.S. citizen, and one defendant is a citizen of a

24  foreign state.  *See* 28 U.S.C. § 1322(d).

25        4.    As set forth below, this case meets all of CAFA's requirements for

26  removal and is timely and properly removed by the filing of this Notice.  Plaintiff is

27  a citizen of the State of California and Defendant is a citizen of the State of Florida

28  and the amount in controversy for CAFA, exclusive of interests and/or costs,

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

4858-4581-2506.1                                    2
DEFENDANT GEO SECURE SERVICES, LLC'S NOTICE OF REMOVAL

1  exceeds $5,000,000.  Accordingly, this case meets all requirements for removal and

2  is timely and properly removed to this Court by the filing of this Notice.

3  **II.    CLAIMS AND PROCEDURAL HISTORY**

4        5.      On or about February 24, 2022, Plaintiff filed a putative class action

5  complaint against Defendant in the Superior Court of California, County of

6  Imperial, Case No. ECU002280 (the "Complaint") on behalf of herself and on

7  behalf of all others similarly situated.  On March 4, 2022, Plaintiff served a copy of

8  the Complaint, Summons, Civil Case Cover Sheet, and the Notice of Case

9  Management Conference on Defendant.  Attached hereto as **Exhibits A-D** are true

10  and correct copies of the Complaint, Summons, Civil Case Cover Sheet, and the

11  Notice of Case Management Conference.

12        6.      Plaintiff's Complaint asserts claims for relief arising out of her

13  employment with Defendant and is styled as a putative class action under California

14  Code of Civil Procedure section 382.  Plaintiff seeks to represent a putative class of

15  persons variously described as "all other aggrieved employees" and "Defendants'

16  California-based, nonexempt, non-union employees" (Complaint, ¶ 8), "Defendants'

17  current or former California-based employees, designated as 'non exempt' by

18  Defendants" (Complaint, ¶ 11), and "approximately two thousand (2,000)

19  nonexempt, California-based current and former employees of Defendants who

20  share a common or general interest"("Putative Class").  (Complaint, ¶ 14.)  Plaintiff

21  alleges five causes of action:  1) Violation of Labor Code §§ 226.7 and 512; 2)

22  Violation of Labor Code §§ 510, 1194 and 1197; 3) Violation of Labor Code § 226;

23  4) Violation of Labor Code § 2802; and 5) Violation of Business and Professions

24  Code § 17200 et seq.

25        7.      On April 4, 2022, Defendant filed an Answer to the Complaint in the

26  Superior Court of California, County of Imperial.  A true and correct copy of

27  Defendant's Answer is attached here to as **Exhibit E**.

28  / / /



LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

8.     A copy of this Notice of Removal will be promptly served on Plaintiff and filed with the Superior Court of California for the County of Imperial.

9.     **Exhibits A-E** contain all "process, pleadings, and orders" served on Defendant in accordance with 28 U.S.C. section 1446(a) as well as the Answer filed by Defendant.  No other proceedings have been held in this action.

## III.  <u>JURISDICTION PURSUANT TO THE CLASS ACTION FAIRNESS ACT IS SATISFIED</u>

10.     Under CAFA, a removing defendant need not submit any evidence of the facts establishing jurisdiction in its notice of removal.  *Dart Cherokee Basin Operating Co., LLC v. Owens*, 135 S.Ct. 547, 551 (2014) (A notice of removal "need not contain evidentiary submissions.").  Rather, "[a] defendant's notice of removal need include only a plausible allegation that the jurisdictional facts exist."  *Id.* at 554.  Evidence is required "***only*** when the plaintiff contests, or the court questions, the defendant's allegation."  *Id.* (emphasis added); *Arias v. Residence Inn by Marriott*, 936 F.3d 920 (9th Cir. 2019) (courts may not remand where notice of removal plausibly alleges the basis for removal, without giving the defendant an opportunity to prove the jurisdictional requirements are satisfied).

11.     The United States Supreme Court in *Dart Cherokee* held that "no antiremoval presumption attends cases invoking CAFA, which Congress enacted to facilitate adjudication of certain class action in federal court," adding that "CAFA should be read 'with a strong preference that interstate class actions should be heard in a federal court if properly removed by any defendant.'"  *Id.*  Following *Dart Cherokee*, the Ninth Circuit has directed the district courts to "interpret CAFA's provisions under section 1332 broadly in favor of removal . . . ." *Jordan v. Nationstar Mortg. LLC*, 781 F.3d 1178, 1184 (9th Cir. 2015); *see also Ibarra v. Manheim Invs., Inc.*, 775 F.3d 1193, 1197 (9th Cir. 2015) ("Congress intended CAFA to be interpreted expansively.")  In *Bridewell-Sledge v. Blue Cross*, 798 F.3d 923 (9th Cir. 2015), the Ninth Circuit held that under *Dart Cherokee*, the district

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

court erred "in its remand orders by applying a 'strong presumption against removal jurisdiction.'" *See also Moppin v. Los Robles Reg'l Med. Ctr.*, 2015 U.S. Dist. LEXIS 129574, at *4 (C.D. Cal. 2015) ("[N]o presumption against removal exists in cases invoking CAFA, which Congress enacted to facilitate adjudication of certain class actions in federal court.").

**A. The Case is a Proposed Class Action with a Putative Class of at Least 100 Members, and Defendant is not a State, State Official, or Government Entity**

12.    This action has been styled as a California class action under California Code of Civil Procedure section 382. (Complaint, ¶ 9 ("Plaintiff brings this action on behalf of an ascertainable class and a well-defined community of interest among the class members. Code Civ. Proc. §382.")). Code of Civil Procedure section 382 is a state statute authorizing an action to be brought by one or more representative persons as a class action.

13.    28 U.S.C. section 1332(d)(5) excludes from CAFA jurisdiction cases in which "the primary defendants are States, State officials, or other governmental entities against whom the district court may be foreclosed from ordering relief; or . . . the number of members of all proposed plaintiff classes in the aggregate is less than 100." Defendant is neither a state, state official, nor a government entity.

14.    Plaintiff alleges that there are "approximately Two Thousand (2,000)" members of the class. (Complaint, ¶11). On the basis of its own investigation, Defendant determined there are more than 100 current and former non-exempt and non-union employees in California from the period beginning April 12, 2020 to the filing of the Complaint. Therefore, Plaintiff's proposed class consists of at least 100 members now at the time of removal and at the institution of this civil action.

15.    Of note, while the relevant class period would ordinarily begin four-years prior to the filing of the Complaint, here, the putative class period would begin no earlier than April 12, 2020 due to a prior class-wide release of the sued upon claims through April 11, 2020. The release became effective with final court

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

approval, in the matter of Samantha Garrett-Cain v. The Geo Group, Inc. et al., Case Number 37-2020-00008291-CU-OE-CTL, filed in the San Diego County Superior Court – Central Division.  Even considering only this truncated putative class period, there are sufficient potential class members to meet the statutory requirement for CAFA jurisdiction.

**B.    Minimum Diversity of Citizenship Exists**

16.    CAFA requires minimum diversity of citizenship, pursuant to 28 U.S.C. section 1322(d)(2):

> The district courts shall have original jurisdiction of any civil action in which the matter in controversy exceeds the sum or value of $5,000,000, exclusive of interest and costs, and is a class action in which –
> (A) any member of a class of plaintiffs is a citizen of a State different from any defendant.

17.    Plaintiff's Complaint alleges that she has worked for Defendant in California since February 10, 2020.  (Complaint, ¶¶ 2, 3, 7).  Plaintiff's Complaint further alleges that the Putative Class consists of  "***California-based employees***, designated as 'non exempt' by Defendants."  *Id.* at ¶ 11 (emphasis added).

18.    Although no *evidence* of domicile is required at the notice of removal stage (*Dart Cherokee*, 135 S.Ct. at 554), "[p]roof of residence in a state is usually thought *prima facie* evidence of domicile . . . ."  *Bradley Min. Co. v. Boice*, 194 F.2d 80, 84 (9th Cir. 1951); *see also Anderson v. Watt*, 138 U.S. 694, 706 (1891) ("The place where a person lives is taken to be his domicile until facts adduced establish the contrary . . . ."); *Barbosa v. Transp. Drivers, Inc.*, 2015 WL 9272828, at *2 (C.D. Cal. 2015) ("a person's residence is *prima facie* evidence of his or her place of domicile for purposes of diversity jurisdiction") (quoting *Bey v. SolarWorld Indus. Am., Inc.*, 904 F.Supp.2d 1103, 1105 (D. Or. 2012)).  Furthermore, "a party with the burden of proving citizenship may rely on the presumption of continuing domicile, which provides that, once established, a person's state of domicile continues unless

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

1   rebutted with sufficient evidence of change." *Mondragon v. Capital One Auto Fin.*,

2   736 F.3d 880, 885 (9th Cir. 2013).  Regardless, allegations of plaintiff's citizenship

3   is sufficient for removal. *Ehrman v. Cox Communs., Inc.*, 932 F.3d 1233 (9th Cir.

4   2019).

5       19.   Further, where there are no allegations of citizenship of certain parties

6   in the complaint, a removing party may introduce "objective facts" in support of

7   removal that would tend to show the domicile or citizenship of a party in a particular

8   state. *See Lew v. Moss*, 797 F.2d 747, 749 (9th Cir 1986) ("[T]he determination of

9   an individual's domicile involves a number of factors (no single factor controlling),

10  including: current residence, voting registration and voting practices, location of

11  personal and real property, location of brokerage and bank accounts, location of

12  spouse and family, membership in unions and other organizations, place of

13  employment or business, driver's license and automobile registration, and payment

14  of taxes.").

15      20.   Here, the Complaint discloses that Plaintiff was working in California

16  at the time this case was filed and since February of 2020.  (Complaint, ¶ 3, 7.)  On

17  the basis of its own investigation, Defendant determined that Plaintiff's residence, as

18  reported to Defendant, is in California.  Accordingly, Plaintiff is now at the time of

19  this removal, and was at the institution of this civil action, a citizen of California for

20  purposes of determining diversity. *See* 28 U.S.C. § 1332(a)(1) (an individual is a

21  citizen of the state in which he or she is domiciled); *see also State Farm Mut. Auto

22  Ins. Co. v. Dyer*, 19 F.3d 514, 520 (10th Cir. 1994) (residence is *prima facie*

23  evidence of domicile for purposes of determining citizenship).

24      21.   Because Plaintiff resides and worked for Defendant in California, and

25  because Plaintiff's proposed class is identified to include persons currently or

26  formerly employed in the State of California by Defendant, Defendant may rely on

27  the foregoing presumptions to establish that Plaintiff, and at least some of the

28  putative class members, are now at the time of removal, and were at the institution

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

1   of this civil action, domiciled in California and therefore citizens of California.

2       22.   Defendant is, now at the time of this removal, and was at the institution

3   of this civil action, a limited liability company organized under the laws of Florida,

4   with its principal place of business in Florida and all of its members citizens of

5   Florida.  Therefore, Defendant is a citizen of Florida.  28 U.S.C. § 1332(d)(10); see

6   also *Johnson v. Columbia Properties Anchorage, LP* (9th Cir. 2006); *Cattie v. Wal-*

7   *Mart Stores, Inc*., 504 F.Supp.2d 939, 942 (S.D. Cal. 2007).

8       23.   In accordance with the foregoing, Defendant is now at the time of

9   removal, and was at the time of the institution of this civil action, a citizen of Florida

10  (and not a citizen of California), and Plaintiff and some of the putative class

11  members are now at the time of removal, and were at the institution of this civil

12  action, citizens of California.  Thus, the minimum diversity requirement under

13  CAFA is satisfied.

14      24.   Pursuant to 28 U.S.C. section 1441(a), the residence of fictitious and

15  unknown defendants should be disregarded for purposes of establishing removal

16  jurisdiction under 28 U.S.C. section 1332.  *Fristoe v. Reynolds Metals Co.*, 615 F.2d

17  1209, 1213 (9th Cir. 1980) (unnamed defendants are not required to join in a

18  removal petition); *Soliman v. Philip Morris, Inc.*, 311 F.3d 966, 971 (9th Cir. 2002)

19  (citizenship of fictitious defendants disregarded for removal).  Thus, the existence of

20  Doe defendants 1 through 10 does not deprive this Court of jurisdiction.

21      25.   In accordance with the foregoing, Plaintiff is a citizen of the State of

22  California, while Defendant is a citizen of the States of Florida.  Thus, the minimum

23  diversity requirement under CAFA is satisfied.

24  **C.    The Amount in Controversy Exceeds the $5,000,000 Requirement Under CAFA**

25

26      26.   Without making an admission of liability or damages with respect to

27  any aspects of this case or the proper legal test(s) applicable to Plaintiff's allegations

28  on behalf of herself and the putative class, the amount in controversy exceeds the

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

jurisdictional minimum of this Court as detailed below.

27.    "[A] defendant's notice of removal need include only a plausible allegation that the amount in controversy exceeds the jurisdiction threshold." *Dart Cherokee Basin Operating Co., LLC v. Owens*, 135 S.Ct. 547, 554 (2014). Moreover, a defendant need not set forth evidence establishing the amount in its notice of removal. *Id.* A defendant is not obliged to "research, state, and prove the plaintiff's claims for damages." *McCraw v. Lyons*, 863 F.Supp. 430, 434 (W.D. Ky. 1994). A defendant can establish the amount in controversy by "providing only a short and plain statement of the grounds for removal." *Ehrman v. Cox Commc'ns, Inc.*, 2019 WL 3720013 (9th Cir. August 8, 2019); *see also Dart Cherokee*, 135 S.Ct. at 547 (holding that "a defendant's notice of removal need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold" and evidentiary submissions are required only if "the plaintiff contests, or the court questions, the defendant's allegations"). Here, Defendant alleges there is more than $5,000,000 in controversy.

28.    CAFA authorizes the removal of class actions in which, among the other factors mentioned above, the aggregate amount in controversy for all class members exceeds five million dollars ($5,000,000.00). *See* 28 U.S.C. § 1332(d). By demonstrating that the actual amount in controversy exceeds the threshold, Defendant does not concede the validity of Plaintiff's claims or the likelihood that Plaintiff will recover anything.

29.    "In determining the amount in controversy, the Court accepts the allegations contained in the complaint as true and assumes the jury will return a verdict in the plaintiff's favor on every claim." *Henry v. Cent. Freight Lines, Inc.*, 692 F.App'x 806, 807 (9th Cir. 2017). "The amount in controversy is simply an estimate of the total amount in dispute, not a prospective assessment of defendant's liability." *Lewis v. Verizon Communs., Inc.*, 627 F.3d 395, 400 (9th Cir. 2010); *see also Muniz v. Pilot Travel Centers LLC*, 2007 WL 1302504, at *3 (E.D. Cal. 2007)

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

1  ("The ultimate inquiry is what amount is put 'in controversy' by the plaintiff's

2  complaint, not what a defendant will *actually* owe.") (original emphasis); *Coleman*

3  *v. Estes Express Lines, Inc.*, 730 F.Supp.2d 1141, 1148 (C.D. Cal. 2010) ("In

4  deciding the amount in controversy the Court looks to what the plaintiff has alleged,

5  not what the defendants will owe.") (aff'd by 631 F.3d 1010 (9th Cir. 2011)).

6       30.    In the Ninth Circuit, the amount in controversy is determined "at the

7  time of removal." *Kroske v. US Bank Corp.*, 432 F.3d 976, 980 (9th Cir. 2005)

8  (quoting *Singer v. State Farm Mut. Auto. Ins. Co.*, 116 F.3d 373, 376 (9th Cir.

9  1997)). In *Chavez v. JPMorgan Chase*, 888 F.3d 413, 417 (9th Cir. 2018), the Ninth

10  Circuit held "[t]hat the amount in controversy is assessed at the time of removal

11  does not mean that the mere futurity of certain classes of damages precludes them

12  from being part of the amount in controversy." *Chavez*, 888 F.3d at 417. *Chavez*

13  held that "the amount in controversy is not limited to damages incurred prior to

14  removal—for example, it is not limited to wages plaintiff-employee would have

15  earned before removal (as opposed to after removal). Rather, the amount in

16  controversy is determined by the complaint operative at the time of removal and

17  encompasses all relief a court may grant on that complaint if the plaintiff is

18  victorious." *Id.* at 414-15. These principles were affirmed again by the Ninth

19  Circuit in *Fritsch v. Swift Transp. Co. of Ariz., LLC*, 899 F.3d 785 (9th Cir. 2018).

20       31.    Plaintiff's pleadings in this action fail to affirmatively disclose the

21  amount in controversy or information from which Defendant could readily ascertain

22  the amount in controversy without independent investigation and analysis.

23  Plaintiff's Complaint was "indeterminate" as to whether federal jurisdiction under

24  28 U.S.C. section 1332(d) existed within the meaning of *Harris v. Bankers Life &*

25  *Cas. Co.*, 425 F.3d 689 (9th Cir. 2005) and *Roth v. CHA Hollywood Med. Ctr., L.P.*,

26  720 F.3d 1121 (9th Cir. 2013).

27       32.    Defendant provides the following calculations only to demonstrate that

28  the amount in controversy in this case easily exceeds the jurisdictional amount in

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

4858-4581-2506.1        10

DEFENDANT GEO SECURE SERVICES, LLC'S NOTICE OF REMOVAL

controversy under CAFA jurisdiction.  Defendant makes no admission of any liability or damages with respect to any aspect of this case, or to the proper legal test to be applied to Plaintiff's claims.  Nor does Defendant waive its right to ultimately contest the proper amount of damages due, if any, should Plaintiff prevail with respect to any of her claims.

33.     Defendant independently determined based on its own business records that Plaintiff's proposed Putative Class is comprised of approximately 1,136 current and former non-exempt, non-union employees in California.  This is a conservative figure that is significantly lower than the 2,000 employees referenced in the Complaint because it includes only non-exempt, non-union employees, who worked from April 12, 2020 to September 15, 2021, a truncated time period reflecting a prior class-wide release of claims and unionization of nearly all employees in the fourth quarter of 2021.  Union status was considered because of the Complaint's reference to "non-union" employees at paragraph 8.  If union status is not considered, the Putative Class would be comprised of more than 1,800 current and former non-exempt employees.

34.     Defendant independently determined based on its own business records that the approximate 1,136 Putative Class members worked a total of approximately 52,913 workweeks at an average hourly rate of approximately $31.83 from approximately April 12, 2020 to September 15, 2021.  The hourly rate is rounded down to $30 in the below calculations.

### 1.     *Amount in Controversy for Rest Period Premiums*

35.     Rest breaks under California law are required for non-exempt employees who work three and a half (3.5) or more hours in a day.  Non-exempt employees are entitled to a rest period of ten (10) minutes for each four (4) hours, or major fraction thereof, that they work in a day.  *See* California Wage Orders, § 12. California law requires employers to pay employees one additional hour of pay at the employee's regular rate of compensation for each workday that a rest period that

1   is required to be provided is not provided.  Cal. Labor Code § 226.7.

2       36.     Plaintiff alleges that "Defendants failed to possess compliant Meal and

3   Rest Period policies."  (Complaint, ¶ 25).  Additionally, Plaintiff alleges that

4   "Defendants' policies and practices preclude 'duty-free' Meal and Rest Periods, in

5   that the employees are required to remain 'On-Call' at all times, including during

6   the Meal and Rest Periods."  *Id.* at ¶ 31.  Plaintiff also alleges that Defendant

7   "willfully failed and refused to pay Plaintiff and all other class members one

8   additional hour of pay at their regular rate of pay of all workdays that Meal and Rest

9   period was not provided."  *Id.* at ¶ 32.

10      37.     In *Murphy v. Kenneth Cole Prods., Inc.*, 40 Cal. 4th 1094 (2007), the

11  California Supreme Court held that the premiums due under California Labor Code

12  section 226.7 are compensatory wages for statute of limitations purposes and

13  therefore have a three-year statute of limitations period.  *See* Cal. Code Civ. Proc. §

14  338(a).

15      38.     Plaintiff, however, asserts that Defendant's alleged Labor Code

16  violations "are unlawful and unfair business acts and practices" and thus seeks

17  restitution for Plaintiff and the Putative Class.  (Complaint, ¶ 61).  California

18  District Courts are split as to whether an award under Section 226.7 is restitutionary

19  and recoverable under California Business & Professions Code section 17200,

20  which has a four-year statute of limitations and would extend the time to seek

21  unpaid meal and rest period premiums.  Cal. Bus. & Prof. Code § 17208; *compare*

22  *Horton v. NeoStrata Co.*, 2017 WL 2721977 (S.D. Cal. 2017) and *Dittmar v. Costco*

23  *Wholesale Corp.*, 2016 WL 3387464 (S.D. Cal. 2017) with *Parson v. Golden State*

24  *FC, LLC*, 2016 WL 1734010 (N.D. Cal. 2016) and *Guerrero v. Halliburton Energy*

25  *Servs. Inc.*, 231 F.Supp.3d 797 (E.D. Cal. 2017).

26      39.     Because the jurisdictional amount in controversy is determined based

27  on what Plaintiff alleges, not what she will ultimately recover, the four year

28  limitations period is appropriate for jurisdictional purposes.  However, to underscore

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

1   the conservative nature of Defendant's calculations, for purposes of this Notice of

2   Removal, Defendant used to calculate the potential amount in controversy only

3   workweeks from approximately April 12, 2020 (the day after the end date of the

4   prior class-wide release) to September 15, 2021.

5       40.     Therefore, Defendant independently determined based on its own

6   business records, the allegations within Plaintiff's Complaint, and Defendant's

7   conservative approach toward the putative class period and exclusion of union

8   employees, that the amount in controversy for the rest period premium claim is

9   approximately $1,587,390 based on the assumption that each employee had *one*

10  non-compliant rest break per week (52,913 workweeks x 1 non-compliant rest

11  period per week x $30 hourly rate).

12              ***2.     Amount in Controversy for Meal Period Premiums***

13      41.     California law requires employers to pay employees one additional

14  hour of pay at the employee's regular rate of compensation for each workday a meal

15  period that is required to be provided is not provided.  Cal. Labor Code § 226.7.

16  California law requires provision of meal breaks to non-exempt employees who

17  work more than five hours in a workday.  Cal. Labor Code § 512.  Plaintiff alleges

18  that "Defendants failed to possess compliant Meal and Rest Period policies."

19  (Complaint, ¶ 25).  Additionally, Plaintiff alleges that "Defendants' policies and

20  practices preclude 'duty-free' Meal and Rest Periods, in that the employees are

21  required to remain 'On-Call' at all times, including during Meal and Rest Periods."

22  *Id.* at ¶ 31.  Plaintiff also alleges that Defendant "willfully failed and refused to pay

23  Plaintiff and all other class members one additional hour of pay at their regular rate

24  of pay of all workdays that Meal and Rest period was not provided."  *Id.* at ¶ 32.

25      42.     Similar to Plaintiff's rest period allegations, for purposes of this Notice

26  of Removal, Defendant used to calculate the potential amount in controversy only

27  workweeks from approximately April 12, 2020 (the day after the end date of the

28  prior class-wide release) to September 15, 2021.

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

43.     Defendant independently determined based on its own business records, the allegations within Plaintiff's Complaint, and Defendant's conservative approach toward the putative class period and exclusion of union employees, that the amount in controversy for the meal period premium claim is approximately $1,587,390 based on the assumption that each employee had *one* non-complaint meal period per week (52,913 workweeks x 1 non-compliant meal period per week x $30 hourly rate).

### 3.     *Amount in Controversy for Plaintiff's Unpaid Wages (Overtime)*

44.     Plaintiff's second cause of action alleges that Defendant failed to pay overtime wages in violation of Labor Code §§510 and 1194.  Plaintiff specifically alleges that Defendant failed to "maintain accurate Time Records to the detriment of the employee." (Complaint, ¶38).  Plaintiff also alleges that Defendant would "alter – and deduct time from – the Time Records, prior to payment of compensation to the employees."   As a result, Plaintiff and other employees experienced "under-compensation.  These violations also occurred as Defendants had several policies and practices which required employees to work in excess of 8 hours, without receiving all overtime (and/or double-time) compensation." *Id*.

45.     Similar to Plaintiff's meal and rest period allegations, for purposes of this Notice of Removal, Defendant used to calculate the potential amount in controversy only workweeks from approximately April 12, 2020 (the day after the end date of the prior class-wide release) to September 15, 2021.

46.     Defendant independently determined based on its own business records, the allegations within Plaintiff's Complaint, and Defendant's conservative approach toward the putative class period and exclusion of union employees, that the amount in controversy for the unpaid overtime claim is conservatively $1,190,542.50, based on the assumption that each employee worked a half hour of unpaid overtime per week ($45 overtime hourly rate [1.5 x average hourly rate] x .5

hour per workweek x 52,913 workweeks).

### 4.    Amount in Controversy for Plaintiff's Wage Statement Claim

47.    Plaintiff's third cause of action alleges that "[t]hroughout the applicable time period," Defendant failed to provide "Plaintiff and all other members of the Class" with accurate, itemized wage statements in violation of Labor Code §226. Plaintiff first alleges that Defendant failed to provide an "accurate showing of the gross wages earned." (Complaint, ¶ 44, 45). Plaintiff further alleges that Defendant failed to "accurate identify all applicable regular and overtime (including double-time) rates of pay." *Id.* Finally, Plaintiff alleges that Defendant failed to provide the "inclusive dates of the pay period" and "total hours worked." *Id.*

48.    The statute of limitations on a claim for civil penalties is one year. *See Thomas v. Home Depot USA, Inc.* 527 F.Supp.2d 1003, 1007 (N.D. Cal. 2007).

49.    For purposes of this Notice, Defendant contends that the applicable time period  began February 24, 2021 (one year from date of filing of Complaint).

50.    Defendant's employees are paid on a biweekly basis. During the period from February 24, 2021 to September 15, 2021, Defendant employed approximately 946 non-exempt, non-union employees, who worked approximately 22,230 workweeks or 11,115 pay periods (22,230 workweeks/ 2 workweeks). For purposes of removal only, the amount in controversy for the noncompliant wage statement claim is approximately $1,064,300 (($50 x 1 initial pay period x 944 putative class members = *$47,200*) + ($100 x 10,171 subsequent pay periods = *$1,017,100*)).

51.    Therefore, the amount in controversy for Plaintiff's meal and rest period claims, overtime claim, and wage statement violation claim, total at least approximately $5,429,622.50.

/ / /

/ / /

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

### 5. Amount in Controversy for Plaintiff's Other Claims

52.     In addition to the claims identified above, Plaintiff alleges that she and the Putative Class were not paid minimum wages, were not paid at the proper regular rate of pay, and were not provided reimbursement for business expenses in accordance with California law.  (Complaint, ¶¶ 38, 39, and 49.)

53.     California Labor Code section 1194 states that an employee receiving less than the legal minimum wage is entitled to recover the amount owed in a civil action.  California Labor Code section 2802(a) states that an employer shall indemnify his or her employee for all necessary expenditures or losses incurred by the employee in direct consequence of the discharge of his or her duties.  Like unpaid minimum wages, overtime wages, and premium wages, business expenses are recoverable as restitution under California Business & Professions Code section 17200.  *See Espejo v. The Copley Press, Inc.*, 13 Cal.App.5th 329, 367 (2017) (citing *Cortez v. Purolator Air Filtration Products Co.*, 23 Cal.4th 163 (2000)); *see also Harris v. Best Buy Stores, L.P.*, 2016 WL 4073327, at *10 (N.D. Cal. 2016) (UCL claim may be maintained to the extent it is predicated on plaintiff's section 2802 claim).

54.     For these reasons, Plaintiff's claims for unpaid overtime wages, failure to compensate at the regular rate of pay, and reimbursement of business expenses further increases the amount in controversy beyond the jurisdictional minimum of $5,000,000.

### 6. Amount in Controversy for Attorneys' Fees

55.     Plaintiff also alleges an entitlement to attorneys' fees.  *(See generally* Complaint, Prayer for Relief).  Under Ninth Circuit precedent, a plaintiff's claim for attorneys' fees must be included in the amount in controversy.  *Galt G/S v. JSS Scandinavia*, 142 F.3d 1150, 1156 (9th Cir. 1998) ([W]here an underlying statute authorizes an award of attorneys' fees, either with mandatory or discretionary

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

1    language, such fees may be included in the amount in controversy.")  In *Fritsch*, the

2    Ninth Circuit held that future attorneys' fees that are claimed, but not accrued at the

3    time of removal, must be considered in the amount in controversy.  *Fritsch v. Swift*

4    *Transp. Co. of Ariz., LLC*, 899 F.3d 785, 794-796 (9th Cir. 2018).

5        56.    Courts may use a 25% benchmark of total recovery when estimating

6    the attorneys' fees in controversy.  *Greene v. Harley-Davidson, Inc.*, No. 20-55281,

7    fn. 4 (9th Cir. July 14, 2020); *Garibay v. Archstone Communities LLC*, 539 F.App'x

8    763, 764 (9th Cir. 2013); *Rodriguez v. Cleansource, Inc.*, 2014 WL 3818304, at *4

9    (S.D. Cal. 2014); *Marshall v. G2 Secure Staff, LLC*, 2014 WL 3506608 (C.D. Cal.

10   2014); *Jasso v. Money Mart Exp., Inc.*, 2012 WL 699465 (N.D. Cal. 2012); *Ramos*

11   *v. Schenker, Inc.*, 2018 WL 5779978, at *3 (C.D. Cal. 2018); *Ramirez v. Benihana*

12   *Nat'l Corp.*, 2019 WL 131843, at *2 (N.D. Cal. 2019); *see also Hanlon v. Chrysler*

13   *Corp.*, 150 F.3d 1011, 1029 (9th Cir. 1998) ("This circuit has established 25% of the

14   common fund as a benchmark award for attorney fee.")  Thus, an additional

15   minimum amount of $1,357,405.63 must be included in the amount in controversy

16   ([$1,587,390 alleged rest period premiums + $1,587,390 alleged meal period

17   premiums + $1,190,542.50 alleged unpaid overtime + $1,064,300 alleged

18   noncompliant wages statement claim ] x 25% = $1,357,405.63), for a total amount

19   in controversy of $6,787,028.13.

20       57.    And at least the same amount in controversy for alleged attorneys' fees

21   is in controversy using the "lodestar" method of fee computation.  *See Chavez v.*

22   *Netflix, Inc.*, 162 Cal.App.4th 43, 66 n.11 (2008) ("Empirical studies show that,

23   regardless whether the percentage method or the lodestar method is used, fee awards

24   in class action average around one-third of the recovery."); *see also Smith v. CRST*

25   *Van Expedited, Inc.*, 2013 WL 163293, at *5 (S.D. Cal. 2013) ("California has

26   recognized that most fee awards based on either a lodestar or percentage calculation

27   are 33 percent and has endorsed the federal benchmark of 25 percent.").

28   / / /


LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

58.    For all the foregoing reasons, Defendant alleges that the amount placed in controversy by Plaintiff is significantly greater than the jurisdictional minimum of $5,000,000 required by CAFA, both at the time of removal and at the institution of this civil action.  The amount in controversy requirement for CAFA is therefore satisfied.

**D.    No CAFA Exceptions Apply**

59.    CAFA contains a number of exceptions to its grant of original jurisdiction, contained in 28 U.S.C. sections 1332(d)(3)-(4).  However, none of these exceptions are applicable here.  The party resisting removal has the burden of proving the existence of a CAFA exception.  *King v. Great Am. Chicken Corp.*, 903 F.3d 875, 878 (9th Cir. 2018).

60.    The first is a discretionary exception based on the number of putative class members found in the state where the action was filed.  *See* 28 U.S.C. § 1332(d)(3).  However, the exception only applies where the "primary defendants are citizens of the State in which the action was originally filed."  Here, the action was originally filed in California and as noted above, Defendant is not a citizen of California.  Thus, the exception does not apply.

61.    Similarly, 28 U.S.C. section 1332(d)(4) contains two further exceptions to CAFA's grant of jurisdiction, based on the number of putative class members in the state in which the action is filed.  However, these exceptions, too, only apply where all primary defendants, or at least one defendant, is a "citizen of the State in which the action was originally filed."  *See* 28 U.S.C. §§ 1332(d)(4)(A)(i)(II) and 1332(d)(4)(B).  Given that this action was originally filed in California, and Defendant is not a California citizen, these exceptions also do not apply.

**IV.    TIMELINESS OF REMOVAL**

62.    Under 28 U.S.C. section 1446(b), there are "two thirty-day windows during which a case may be removed—during the first thirty days after the defendant receives the initial pleading or during the first thirty days after the

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

4858-4581-2506.1                              18

DEFENDANT GEO SECURE SERVICES, LLC'S NOTICE OF REMOVAL

defendant receives a paper 'from which it may first be ascertained that the case is one which is or has become removable' if 'the case stated by the initial pleading is not removable.'" *Harris v. Bankers Life & Cas. Co.*, 425 F.3d 689, 692 (9th Cir. 2005).

63.     When a complaint is "indeterminate," a defendant is under no duty to investigate the facts showing the basis for removal, and the first 28 U.S.C. section 1446(b) thirty-day window does not begin to run.  *Id.* at 692-695.  "[T]he ground for removal must be revealed affirmatively in the initial pleading in order for the first thirty-day clock under section 1446(b) to begin." *Id.* at 695; *see also Taylor v. Cox Communications California, LLC* 2016 WL 2902459 at *4 (C.D. Cal. 2016) (affirming that "materials outside the complaint do not start the thirty-day clock"). This reasoning was more recently confirmed in *Roth v. CHA Hollywood Med. Ctr., L.P.*, 720 F.3d 1121, 1125 (9th Cir. 2013): "even if a defendant could have discovered grounds for removability through investigation, it does not lose the right to remove because it did not conduct such an investigation and then file a notice of removal within thirty days of receiving the indeterminate document." *See also Torres v. Secure Communications Systems, Inc.*, No. SACV 20-980 JVS(JDEx), Dkt. No. 28 (C.D. Cal. July 20, 2020).

64.     A complaint is "indeterminate" when "it is unclear from the complaint whether the case is removable, *i.e.*, the [jurisdictional facts are] unstated or ambiguous." *Harris*, 425 F.3d at 693.  Plaintiff's Complaint does not affirmatively allege or otherwise state that the amount in controversy exceeds $5,000,000. Further, it is not discernable from the face of the Complaint that more than $5,000,000 was placed in controversy.  There is nothing in the Complaint setting forth the amount of damages recoverable for the alleged legal violations, nor the number of times the violations allegedly occurred.  (*See generally* Complaint). Rather, the Complaint simply demands damages and other remedies in an unstated amount.  *Id.* at Prayer for Relief.

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

4858-4581-2506.1                                    19
DEFENDANT GEO SECURE SERVICES, LLC'S NOTICE OF REMOVAL

65.     Under *Harris*, the Court must not "inquire into the subjective knowledge of the defendant, an inquiry that could degenerate into a mini-trial regarding who knew what and when. Rather . . . the court [may] rely on the face of the initial pleading and on the documents exchanged in the case by the parties to determine when the defendant had notice of the grounds for removal, requiring that those grounds be apparent within the four corners of the initial pleading or subsequent paper." *Harris*, 425 F.3d at 695 (quoting *Lovern v. GMC*, 121 F.3d 160, 162 (4th Cir. 1997)). Thus, the Complaint is "indeterminate" and its service does not trigger the first 28 U.S.C. section 1446(b) thirty-day window to remove. *See Roth*, 720 F.3d at 1125 (holding that complaint was "indeterminate" when "[i]t did not reveal on its face that . . . there was sufficient amount in controversy to support jurisdiction under CAFA); *see also Calkins v. Google, Inc.*, 2013 U.S. Dist. LEXIS 97829, 2013 WL 3556042 at *2-3 (N.D. Cal. 2013) (holding that service of complaint did not trigger thirty-day window when amount in controversy was not affirmatively stated, even where defendant could have deduced the amount in controversy from documents in its possession).

66.     As of the date of this filing, the parties have not exchanged any subsequent papers determinative of the jurisdictional amount in controversy in this matter. Where neither the initial pleading nor "other paper" discloses the grounds for removal, a defendant may remove at any time after it independently learns of the facts supporting removal jurisdiction. *Roth*, 720 F.3d at 1125. Defendant, based on its own investigation and internal records, has been able to determine that the amount in controversy based on the allegations in Plaintiff's Complaint well exceeds the $5,000,000 threshold and that there are at least 100 putative class members and is filing this notice within the first thirty days after it received the initial pleading. *See* FRCP Rule 6(a)(1)C) ("if the last day is a Saturday, Sunday, or legal holiday, the period continues to run  until the end of the next day that is not a Saturday, Sunday, or legal holiday.") Thus, the facts alleged in this notice support

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

4858-4581-2506.1                                        20
DEFENDANT GEO SECURE SERVICES, LLC'S NOTICE OF REMOVAL

1 | that removal is both proper and timely.

2 | **V.    JOINDER**

3 |     67.    Defendant is not aware of any other defendant that exists and who has

4 | been named in the Complaint or who has been served with a summons and the

5 | Complaint.  The only defendants named in Plaintiff's Complaint are GEO Secure

6 | Services, LLC and fictitiously named Doe defendants, whose presence is

7 | disregarded for purposes of removal.

8 | **VI.    VENUE**

9 |     68.    Venue is proper in this Court pursuant to 28 U.S.C. sections 84(d) and

10 | 1391.

11 | **VII.    NOTICE TO PLAINTIFF AND STATE COURT**

12 |     69.    This Notice of Removal will be promptly served on Plaintiff and filed

13 | with the Superior Court of the State of California in and for the County of Imperial.

14 |     70.    In compliance with 28 U.S.C. section 1446(a), true and correct copies

15 | of all "process, pleadings, and orders" from the state court action served on

16 | Defendant or filed by Defendant are attached hereto as **Exhibits A through E**.

17 |     WHEREFORE, having provided notice as is required by law, the above-

18 | entitled action is removed from the Superior Court for the County of Imperial to this

19 | Court.

20 | DATED:  April 4, 2022        **LEWIS BRISBOIS BISGAARD &**

21 |                           **SMITH LLP**

22 |

23 |

24 |                 By:     /s/ Jeffrey S. Ranen

24 |                      JEFFREY S. RANEN

25 |                      SOOJIN KANG

25 |                      ERIC O. ZEIGER

26 |                      Attorneys for Defendant GEO SECURE

27 |                      SERVICES, LLC

28 |

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

# **Table of Contents**

Please see the below Table of Contents of exhibits filed in support of Defendant GEO Secure Services, LLC's Notice of Removal.

| Exhibit | Document | Page Number(s) |
|---------|----------|----------------|
| A. | Plaintiff Julie Britney Castillo's Original Complaint | 023 - 037 |
| B. | Civil Case Cover Sheet | 038 |
| C. | Summons | 039 |
| D. | Notice of Case Management Conference | 040 – 043 |
| E. | Defendant GEO Secure Services, LLC's Answer to Plaintiff's Complaint | 044 - 054 |

DEFENDANT GEO SECURE SERVICES, LLC'S NOTICE OF REMOVAL

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

# EXHIBIT A

# FILED

02/24/2022

SUPERIOR COURT
COUNTY OF IMPERIAL
CLERK OF THE COURT
BY___Joselyn Pradis___, DEPUTY

Eric K. Yaeckel [CSB No. 274608]
yaeckel@sullivanlawgroupapc.com
Leonel Fletes Jr. [CSB No. 339869]
lcof@sullivanlawgroupapc.com
**SULLIVAN & YAECKEL LAW GROUP, APC**
2330 Third Avenue
San Diego, California 92101
(619) 702-6760 * (619) 702-6761 FAX

Assigned for all purposes to
Judge Jeffrey B. Jones
including trial

Attorneys for Plaintiffs JULIE BRITNEY CASTILLO, Individually, and on behalf of other members of the general public similarly situated

## SUPERIOR COURT OF THE STATE OF CALIFORNIA

## COUNTY OF IMPERIAL

JULIE BRITNEY CASTILLO Individually, and on behalf of other members of the general public similarly situated

Plaintiff

v.

GEO SECURE SERVICES, LLC, a Florida Limited Liability Company and DOES 1-10, inclusive.

Defendants

CASE NO. ECU002280

(Proposed CLASS ACTION)

**COMPLAINT FOR:**

1.  **VIOLATION OF LABOR CODE §§ 226.7 and 512 (Class Claim)**

2.  **VIOLATION OF LABOR CODE §§ 510, 1194 and 1197 (Class Claim);**

3.  **VIOLATION OF LABOR CODE § 226 (Class Claim)**

4.  **VIOLATION OF LABOR CODE § 2802 (Class Claim)**

5.  **VIOLATION OF BUSINESS AND PROFESSIONS CODE § 17200 et seq. (Class Claim)** *and*

    *Demand for Jury Trial.*

Imperial Superior Court Accepted through eDelivery submitted 02-24-2022 at 04:33:43 PM

COMES NOW Plaintiffs JULIE BRITNEY CASTILLO ("Plaintiff"), Individually, and on behalf of all other members of the general public similarly situated, and alleges for her Complaint as follows:

### JURISDICTION, VENUE, AND PARTIES

1. This Court has jurisdiction over this matter in that all parties are residents of, or do business within, the State of California pursuant to California Code of Civil Procedure § 410.10 and the amount in controversy exceeds the statutory minimum limit of this Court. The monetary damages and restitution sought by Plaintiff exceeds the minimal jurisdiction limits of the Superior Court and will be established according to proof at trial. Furthermore, there is no federal question at issue as Wage and Hour protections and remedies related thereto are based solely on California Law and Statutes, including the Labor Code, Civil Code, and IWC Wage Order(s).

2. Venue before this Court is proper, pursuant to California Code of Civil Procedure § 395, in that Defendant GEO SECURE SERVICES, LLC (hereinafter, "GEO") manages a security facility in the County of Imperial and Defendant committed the wrongful conduct against Plaintiffs and Members of the Class in the County of Imperial.

3. At all relevant times herein, Plaintiff JULIE BRITNEY CASTILLO (hereinafter, "Plaintiff") is an individual working in the County of Imperial, in the State of California.

4. Plaintiff is presently unaware of the true names, capacities and liability of Defendants named herein as DOES 1 through 10, inclusive. Accordingly, Plaintiff will seek leave of court to amend this complaint to allege their true names and capacities after the same have been ascertained.

5. Plaintiff is informed and believes and thereon alleges that each of the fictitiously named Defendants are responsible in some manner for the wrongs and damages as herein alleged, and in so acting was functioning as the agent, servant, partner, and employee of the co-defendants, and in doing the actions mentioned below, was acting within the course and scope of his or her authority as such agent, servant, partner, and employee with the permission and consent of the co-defendants. Plaintiffs' injuries as herein alleged were proximately caused by said

- 1 -

Class Action Complaint

Imperial Superior Court Accepted through eDelivery submitted 02-24-2022 at 04:33:43 PM

Imperial Superior Court Accepted through eDelivery submitted 02-24-2022 at 04:33:43 PM

Defendants. Wherever it is alleged herein that any act or omission was done or committed by any specially named Defendant or Defendants, Plaintiff intends thereby to allege and does allege that the same act or omission was also done and committed by each and every Defendant named as a DOE, both separately and in concert or conspiracy with the named Defendant or Defendants, (hereinafter, DOES 1 through 10 and GEO are collectively known as "Defendants").

6.  Plaintiff is informed and believes, and thereon alleges that Defendants, and each of them, including DOES 1 through 10, are and at all times herein mentioned were either individuals, sole proprietorships, partnerships, registered professionals, corporations, alter egos or other legal entities which were licensed to do and/or were doing business in the County of Imperial, state of California at all times relevant to the subject matter of this action.

## FACTUAL BACKGROUND

7.  Plaintiff CASTILLO is employed by Defendants as a non-exempt employee and has been employed by Defendants from February 10, 2020, through to the current date. Throughout her employment with Defendants, Plaintiff performed her job in a capable and competent manner, and was commended for doing so.

8.  Throughout the term of her employment, Plaintiff and all other aggrieved employees were and currently are denied the benefits and protections of the Labor Code due to Defendants' institutionalized pay practices, standard as to all of Defendants' California-based, nonexempt, non-union employees.

## CLASS ACTION ALLEGATIONS

9.  As more specifically set forth below, Plaintiff brings this action on behalf of an ascertainable class and a well-defined community of interest among the class members. Code Civ. Proc. § 382; *Richmond v. Dart Industries, Inc.* (1981) 29 Cal.3d 426, 470. Throughout the operative limitations period, Plaintiff and all other class members were denied the protections and benefits of the Labor Code and Industrial Welfare Commission ("IWC") Wage Order(s) due to Defendants' standard practices. Throughout their employment, Plaintiff and all other class members were and are denied full and accurate compensation, including overtime

- 2 -

Imperial Superior Court Accepted through eDelivery submitted 02-24-2022 at 04:33:43 PM

1    compensation, in violation of, *inter alia*, Labor Code sections 1194 and 510. Plaintiff and the

2    other class members were and are denied Meal and Rest Periods, along with Meal and Rest

3    Period payments, in violation of, *inter alia*, IWC Wage Order 4 (or any other applicable Wage

4    Order) and Labor Code sections 226.7 and 512. Defendants failed to furnish accurate itemized

5    wage statements in violation of, *inter alia*, Labor Code section 226. Defendants failed to

6    reimburse Plaintiff and other class members for necessary business expenditures in violation

7    of, *inter alia*, Labor Code section 2802. Defendants failed to provide all compensation upon

8    termination of employment in violation of Labor Code 201-203.

9    10.    Plaintiff brings this action on the grounds that she and other similarly situated current and

10          former employees of Defendants were and are improperly denied the mandated wages and

11          reimbursements resulting from the above-referenced violations. *Sav-On Drug Stores, Inc. v.*

12          *Superior Court* (2004) 34 Cal.4th 319. The class is believed to exceed Two Thousand (2,000)

13          members.

14    11.    The approximately Two Thousand (2,000) member class is ascertainable via their experience

15          as Defendants' current or former California-based employees, designated as "non exempt" by

16          Defendants.

17    12.    Class members share a community of interest and an injury-in-fact as Defendants have violated

18          California compensation laws, depriving class members of money earned.

19    13.    There are questions of fact and law common to the class that predominate over any questions

20          affecting only individual members. The questions of law and fact common to the class arising

21          from Defendants' actions include, without limitation, the following:

22          a.    Whether Defendants failed to pay its employees the proper straight-time, overtime, and

23                double time wages due and owing to them;

24          b.    Whether Defendants failed to provide its employees with statutorily-compliant Meal

25                and/or Rest Periods, in violation of, *inter alia*, California Labor Code section 512 and

26                226.7, in that Defendants written policies are not compliant with California law,

27                Defendants do not allow its employees duty-free breaks, and Defendants improperly

28                "round" employees recorded Meal Periods;

- 3 -

Class Action Complaint

c.  Whether Defendants failed to properly provide Meal and Rest Period premiums in accordance with law;

d.  Whether Defendants failed to properly calculate and pay its employees overtime compensation or Meal and Rest Period premiums in accordance with law by failing to properly calculate, into the Regular Rate of Pay, the value of employee benefits, all compensation;

e.  Whether Defendants failed to properly reimburse its employees for necessary business expenditures for, *inter alia*, cell phone costs and mileage, in violation of Labor Code section 2802;

f.  Whether Defendants failed to provide all compensation upon termination of employment in violation of Labor Code sections 201-203, due, in part, to the fact that Defendants failed to provide proper compensation for all hours worked, as discussed above; and

g.  Whether Defendants conduct constituted a violation of Business & Professions Code section 17200 *et seq.*

14.  The class on whose behalf this action is brought is so numerous that joinder of all parties individually would be impracticable. Plaintiff brings the class action on behalf of approximately two thousand (2,000) nonexempt, California-based current and former employees of Defendants who share a common or general interest, and it would be impracticable for those employees to bring the action individually. Any variations in job activities between the individual class members are legally insignificant to the issues presented by this action since the central facts remain. Plaintiff and all other class members were improperly denied the benefits and protections of the Labor Code and IWC Wage Order(s), by and through Defendants' standard and institutionalized practices.

15.  There are questions of law and fact common to the class. Plaintiff, and all class members, were injured by Defendants' violations of the enumerated Labor Code sections and IWC Wage Order(s). As these violations resulted from Defendants' standard and institutionalized practices, questions of law and fact are common to the class.

- 4 -

Class Action Complaint

16.   Plaintiffs' claims in this action are typical of the class whom Plaintiff generally represents. The claims result from Defendants' standard and institutionalized practices, experienced by Plaintiff and all other class members.

17.   Plaintiff can fairly and adequately protect the interests of all the members of the class she represents in this action. Any difference in job titles is immaterial, as Defendant used (and uses) standard systems to compensate class members. Plaintiffs' experience and knowledge of Defendants' "wage and hour" practices, in addition to Plaintiffs' familiarity with Defendants' pay policies pertaining to the class members they represent, entitles them to adequately and fairly represent the class.

18.   Common questions predominate over questions affecting individual class members. Plaintiff and all other class members were improperly denied the benefits and protections of the Labor Code and IWC Wage Order(s) by and through Defendants' standard and institutionalized practices. Common questions of law or fact therefore "present a significant aspect of the case" and are capable of resolution "in a single adjudication." *Hanlon v. Chrysler Corp.* (9th Cir. 1998) 150 F.3d 1011, 1022.

19.   At all times mentioned herein, Defendants are and were "employers" as that term is used within the relevant sections of the California Labor Code.

**FIRST CAUSE OF ACTION**
**Meal and Rest Period Violations Pursuant to Labor Code §§ 226.7 and 512**
**Class Action**
**(Individually, and on behalf of the Class against Defendants and DOES 1 through 10)**

20.   Plaintiff hereby incorporates by reference paragraphs 1 through 19 as though fully set forth herein.

21.   Labor Code section 1198 states:

> The maximum hours of work and the standard conditions of labor fixed by the commission shall be the maximum hours of work and the standard conditions of labor for employees. The employment of any employee for longer hours than those fixed by the order or under conditions of labor prohibited by the order is unlawful.

Defendants violated this section by establishing working conditions below the standard of the applicable Wage Order.

- 5 -

Class Action Complaint

Imperial Superior Court Accepted through eDelivery submitted 02-24-2022 at 04:33:43 PM

EXHIBIT A
Page 028

22. Under applicable California law, "An employer may not employ an employee for a work period of more than five hours per day without providing the employee with a meal period of not less than 30 minutes [...] An employer may not employ an employee for a work period of more than 10 hours per day without providing the employee with a second meal period of not less than 30 minutes." Lab. Code § 512(a); see also 8 Cal. Code Regs. § 11140 (11)(A). Unless the employee is relieved of all duty for a full thirty (30) minute meal period, the meal period shall be considered an "on duty" meal period and counted as time worked. 8 Cal. Code Regulations. § 11140 (11); See *Safeway v. Superior Court* (2015) 238 Cal.App.4th 1138, 1160.

23. California law requires employers to provide employees with a 10-minute Rest Period for every four hours worked, or "major fraction thereof." 8 Cal. Code Regs. § 11140 (12).

24. An employer who fails to provide Meal or Rest periods as required by an applicable Wage Order must pay the employee one additional hour of pay at the employee's regular rate of pay for each workday that the Meal or Rest period was not provided. Lab. Code § 226.7(b); 8 Cal. Code Regs. § 11140 (11), (12).

25. Within the operative time period, Defendants failed to possess compliant Meal and Rest Period policies.

26. For example, Defendants' Rest Period policy and practice does not provide the right for employees to "leave the premises," and actually requires the employees to "remain on premises for the duration of this Rest Period" where "coverage" issues require as such.

27. Defendants' Meal and Rest Period policy also assumes that employees have "waived" the right to a legally-compliant Meal or Rest period, or a Meal or Rest period penalty payment, unless the employees complete a very specific process of formal notification to the Defendants.

28. Moreover, Defendants policies and practices preclude "duty-free" Meal and Rest Periods. These institutional and established practices of Defendants are illegal, in that Plaintiff and all other employees were denied proper and/or timely Meal and Rest Periods.

29. These violations are due, in part, to the fact that Defendants do not possess a legal Rest Period policy or practice, as its Rest Period policy lacks required language, resulting in employees failing to receive all Rest Periods legally due. Defendants do not provide Rest Periods, as

- 6 -

Class Action Complaint

Imperial Superior Court Accepted through eDelivery submitted 02-24-2022 at 04:33:43 PM

1    defined by California law. Further, Defendants have never provided a Rest Period penalty

2    payment to any employee.

3    30.    Defendants also do not possess a legal Meal Period policy, and make no attempt to ensure that

4    its employees are either timely or wholly provided Meal Periods. The employees would often

5    either miss a Meal Period entirely, be provided a short or late Meal Period, or be provided only

6    one Meal Period, even when they were working in excess of 10 hours a day. Additionally,

7    Defendants failed to accurately record its employees actual start and stop times of Meal Periods,

8    in violation of the IWC Wage Orders. 8 Cal. Code Regs. § 11140 (7)(A)(3).

9    31.    Moreover, Defendants' policies and practices preclude "duty-free" Meal and Rest Periods, in

10    that the employees are required to remain "On Call" at all times, including during the Meal and

11    Rest Periods, in order to (among other reasons) respond to on site emergencies. These

12    institutional and established practices of Defendants are illegal, in that Plaintiff and all other

13    class members were denied proper and/or timely Meal and Rest Periods.

14    32.    Defendants willfully failed and refused to pay Plaintiff and all other class members one

15    additional hour of pay at their regular rate of pay for all workdays that a Meal or Rest period

16    was not provided, as required by Labor Code section 226.7 and IWC Wage Order 4 (11), (12).

17    33.    Any payments made by Defendants for missed or late Meal Periods were not paid at an

18    employee's regular rate in violation of Labor Code section 226.7 and the operative IWC Wage

19    Orders. Instead, these payments were made at an employee's base rate and did not include the

20    value of, *inter alia*, additional compensation and/or employee benefits such as (for example)

21    Shift Differentials, employee discounts and other non-discretionary compensation.

22    34.    As a direct result of Defendants' willful failure and refusal to comply with the California Labor

23    Code, Plaintiff and other employees have suffered injury, loss, and harm in a sum according to

24    proof. On behalf of the class, Plaintiff hereby seeks compensatory damages, back pay (or

25    penalty), prejudgement interest, and other remedies set forth below.

26    35.    Plaintiff has incurred and continues to incur legal expenses and attorneys' fees. Plaintiff is

27    presently unaware of the precise amount of these expenses and fees and prays leave of court to

28    amend this Complaint when the amounts are more fully known.

- 7 -

Class Action Complaint

Imperial Superior Court Accepted through eDelivery submitted 02-24-2022 at 04:33:43 PM

CASE #: ECI00228O RECEIPT #: 120223806542 DATE PAID : 02/28/22 3:51 PM TOTAL : 435.00 TYPE : EFT

**SECOND CAUSE OF ACTION**
**Minimum Wage and Overtime Violations Pursuant to Labor Code §§ 510, 1194 and 1197**
**Class Action**
**(Individually, and on behalf of the Class against Defendants and DOES 1 through 10)**

36.  Plaintiff incorporates by reference paragraphs 1 through 35 as though fully set forth herein.

37.  Throughout the applicable time period, Plaintiff and the other Class Members were denied the benefits and protections of the California Labor Code and IWC Wage Order(s) and were damaged thereby.

38.  Defendants failed to pay its employees all compensation due, including overtime compensation, in violation of, among other statutes, Labor Code sections 510 and 1197. This failure was caused by several separate uniform practices of Defendants. This failure was caused by and through Defendants failure to maintain accurate Time Records (as required by California law), to the detriment of the employee. Specifically, although Defendants would receive "to-the-minute" start and end times (from its employees required actions), Defendants would thereafter alter - and deduct time from - the Time Records, prior to payment of compensation to the employees. Additionally, the right to receive the proper minimum wage and overtime compensation was impacted by Defendants knowingly failing to consider other work performed by the employees, including work confirmed by electronic transmissions and alarm records. Finally, Defendants' failed to keep accurate time records which reflected when its employees were actually working or under Defendants' control. These actions, and instructions, caused the employees to lose compensation, including the proper minimum wage and overtime compensation.

39.  Additionally, Defendants failed to properly calculate Plaintiffs' regular rate of pay for purposes of overtime compensation such that the value of employee's benefits and non-discretionary compensation were not included in the calculation of Plaintiffs' regular rate of pay. Plaintiff is informed and believes and thereon alleges that at all relevant times herein, Defendants failed to take into account the value of all employee benefits (*i.e.* failure to calculate Shift Differentials, employee discounts, and non-discretionary bonuses) when calculating their

- 8 -

Class Action Complaint

Imperial Superior Court Accepted through eDelivery submitted 02-24-2022 at 04:33:43 PM

Imperial Superior Court Accepted through eDelivery submitted 02-24-2022 at 04:33:43 PM

regular rates of pay, for purposes of overtime compensation, in violation of Labor Code section 510. Additionally, by altering their employees' time records, as referenced above, Defendants alter the actual hourly rate of pay for its employees. Defendants do not factor in this actual hourly rate, when calculating the overtime rate of pay, in violation of Labor Code section 510.

40. Defendants failed to pay Plaintiff and all other class members all compensation due, including Overtime Compensation, due in violation of, among other statutes, Labor Code section 510. These violations occurred due to Defendants' illegal policies, referenced above, including the failure to accurately record employee time worked, whereby employees experienced monetary under-compensation. These violations also occurred as Defendants had several policies and practices which required employees to work in excess of 8 hours, without receiving all overtime (and/or double-time) compensation. The systematic failure to provide proper overtime compensation is a violation of California law.

41. As a direct result of Defendants' willful failure and refusal to comply with the California Labor Code, Plaintiff and other employees have suffered injury, loss, and harm all to their damages in a sum according to proof. On behalf of the class, Plaintiff hereby seeks compensatory damages, back pay (or penalty), prejudgement interest, and other remedies set forth below.

42. Plaintiff has incurred and continues to incur legal expenses and attorneys' fees. Plaintiff is presently unaware of the precise amount of these expenses and fees and prays leave of court to amend this Complaint when the amounts are more fully known.

### THIRD CAUSE OF ACTION
**Wage Statement Violations Pursuant to Labor Code § 226**
**Class Action**
**(Individually, and on behalf of the Class against Defendants and DOES 1 through 10)**

43. Plaintiff hereby incorporates by reference paragraphs 1 through 42 as though fully set forth herein.

44. Throughout the applicable time period, Plaintiff and the other class members were denied the benefits and protections of the California Labor Code and IWC Wage Order(s) and were damaged thereby.

45. Defendants failed to provide Plaintiff and all other members of the Class action with accurate

- 9 -

itemized wage statements in violation of, among other statutes, Labor Code section 226. These
violations include, but are not limited to, Defendants failure to provide an accurate showing of
the gross wages earned, in violation of Labor Code section 226(a)(1), due to under-payments
caused by the "regular" time and overtime allegations listed above, Defendants failure to
accurately identify all applicable regular and overtime (including double-time) rates of pay in
violation of section 226(a)(9), and providing inaccurate representations of both "gross" and "net
wages." Defendants also failed to provide the "inclusive dates of the pay period," in violation
of 226(a)(6). Defendants also failed to provide an accurate showing of the "total hours worked,"
in violation of Labor Code section 226(a)(2).

46.    As a direct result of Defendants' willful failure and refusal to comply with the California Labor
Code, Plaintiff and other employees have suffered injury, loss, and harm all to their damages
in a sum according to proof. On behalf of the class, Plaintiff hereby seeks compensatory
damages, back pay (or penalty), prejudgement interest, and other remedies set forth below.

47.    Plaintiff has incurred and continues to incur legal expenses and attorneys' fees. Plaintiff is
presently unaware of the precise amount of these expenses and fees and prays for leave of court
to amend this Complaint when the amounts are more fully known.

## FOURTH CAUSE OF ACTION
### Failure to Reimburse Pursuant to Labor Code § 2802
### Class Action
#### (Individually, and on behalf of the Class against Defendants and DOES 1 through 10)

48.    Plaintiff hereby incorporates by reference paragraphs 1 through 47 as though fully set forth
herein.

49.    Defendants failed to reimburse Plaintiff and all other Class Members for all necessary business
expenditures incurred in direct consequence of the discharge of their duties in violation of,
among other statutes, Labor Code section 2802. These expenditures are the result of, *inter alia,*
Defendants' standard policies which require its employees to incur mileage costs without full
reimbursement. Plaintiff and all other Class Members were also forced to incur cell phone costs,
without reimbursement, as well as purchase their own Personal Protective Equipment and other
work supplies.

- 10 -

Class Action Complaint

EXHIBIT A
Page 033

Imperial Superior Court Accepted through eDelivery submitted 02-24-2022 at 04:33:43 PM

50. As a direct result of Defendants' willful failure and refusal to comply with the California Labor Code, Plaintiff and other non-exempt employees have suffered injury, loss, and harm all to their damages in a sum according to proof. On behalf of the class, Plaintiff hereby seeks compensatory damages, back pay (or penalty), prejudgement interest, and other remedies set forth below.

51. Plaintiff has incurred and continue to incur legal expenses and attorneys' fees. Plaintiff is presently unaware of the precise amount of these expenses and fees and prays for leave of court to amend this Complaint when the amounts are more fully known.

**FIFTH CAUSE OF ACTION**
**Violation of Business and Professions Code § 17200**
**Class Action**
**(Individually, and on behalf of the Class against Defendants and DOES 1 through 10)**

52. Plaintiff hereby incorporates by reference paragraphs 1 through 51 as though fully set forth herein.

53. Plaintiff is a direct victim of Defendants' illegal and/or unfair business acts and practices referenced in this complaint, have lost money as a result of such practices, and bring this action both in their individual capacity and on behalf of Defendants' current and former California-based, nonexempt employees who share a common or general interest in the damages as a result of the illegal and/or unfair practices.

54. The approximately two-thousand member class is ascertainable via their experience as Defendants' current or former California-based, nonexempt employees. Class members share a community of interest and an injury-in-fact as Defendants have violated California compensation laws, thereby depriving class members of money earned. Based on the facts set forth above, it would be impracticable to proceed in individual actions.

55. Plaintiff suffered an injury-in-fact pursuant to Business & Professions Code section 17204, and lost money as a result of Defendants' illegal and/or unfair practices.

56. Plaintiff brings this action on behalf of an ascertainable class who share a community of interest pursuant to Business & Professions Code section 17203 and Code of Civil Procedure section 382 and who share a common or general interest in the damages as a result of the illegal

- 11 -

Class Action Complaint

EXHIBIT A
Page 034

Imperial Superior Court Accepted through eDelivery submitted 02-24-2022 at 04:33:43 PM

1    and/or unfair practices, in that those individuals on whose behalf the action is brought have also

2    lost money as a result of Defendants' practices, as set forth above, and that it would be

3    impracticable to proceed as an individual plaintiffs action.

4    57.    As set forth above, during the course of Plaintiffs' employment, Defendants failed and refused

5    to properly pay Plaintiff and all other class members. Defendants also failed to comply with

6    fundamentally protective California laws including, but not limited to, Labor Code sections

7    201-203, 226, 226.7, 510, 512, 1194, and 2802, as well as IWC Wage Order 4, or any other

8    applicable Wage Order.

9    58.    Business & Professions Code section 17200 *et seq.* prohibits any unlawful, unfair, or fraudulent

10    business act or practice.

11    59.    Plaintiffs' allegations herein are based upon Defendants' institutional business acts and

12    practices.

13    60.    Defendants' acts and practices, as described herein above, are unlawful and unfair, in that they

14    violate the Labor Code and IWC Wage Order(s).

15    61.    As a direct result of Defendants' unlawful and unfair business acts and practices, Plaintiff and

16    all other class members have been denied wages earned, and have therefore been damaged in

17    an amount to be proven. Accordingly, Plaintiff prays for restitution and injunctive damages in

18    an amount to be proven.

19    62.    Plaintiff is informed and believes, and on that basis alleges, that Defendants' unlawful and

20    unfair business practices, alleged above, are continuing in nature and are widespread.

21    63.    On behalf of the ascertainable class, Plaintiff respectfully requests an injunction against

22    Defendants to enjoin them from continuing to engage in the illegal conduct alleged herein.

23    64.    On behalf of the ascertainable class, Plaintiff respectfully requests restitution damages.

24    65.    Plaintiff has incurred and continue to incur legal expenses and attorneys' fees. Plaintiff is

25    presently unaware of the precise amount of these expenses and fees, and prays for leave of court

26    to amend this complaint when the amounts are more fully known.

27    ///

28    ///

- 12 -

Class Action Complaint

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff on her own behalf and on behalf of all members of the proposed Class, pray for judgment as follows:

1.    For an order certifying the proposed class(es);

2.    For compensatory damages according to proof, as set forth under Labor Code sections 510, 1194, and 2802, among other statutes;

3.    For penalties and restitution of wages according to proof, as set forth under Labor Code sections 221, 226, 226.7, 450 and 1197.1, among other statutes;

4.    For penalties pursuant to Title 8, California Code of Regulations, Wage Order 4 (or any applicable Wage Order);

5.    For lost back pay in an amount to be proven;

6.    On behalf of the ascertainable Class, for a permanent injunction against Defendants restraining, preventing, and enjoining Defendants from engaging in the illegal practices alleged, and to ensure compliance with, among other employee protections, Labor Code sections 226, 226.7, 510, 512, 1197, and 2802;

7.    On behalf of the ascertainable Class, for restitution damages on behalf of the section 17200 claimants who share a common or general interest;

8.    Where available, for liquidated damages pursuant to Labor Code section 1194.2;

9.    For an award of interest, including prejudgment interest, pursuant to Labor Code section 218.6;

10.   For an award of attorneys' fees and costs of suit herein pursuant to Labor Code sections 218.5, 226, 1194, 2802 and Code of Civil Procedure section 1021.5; and

///

///

///

///

- 13 -

Class Action Complaint

EXHIBIT A
Page 036

11.    For such other relief as the Court deems just and proper.

## DEMAND FOR JURY TRIAL

Plaintiffs hereby request that this matter be heard and decided by trial by jury.

Dated: February 24, 2022          **SULLIVAN & YAECKEL LAW GROUP, APC**

Eric K. Yaeckel
Leonel Fletes Jr.
Attorneys for Plaintiff JULIE BRITNEY CASTILLO, and on
behalf of other members of the general public similarly situated

14

Class Action Complaint

Imperial Superior Court Accepted through eDelivery submitted 02-24-2022 at 04:33:43 PM

EXHIBIT A
Page 037

EXHIBIT B

CM-010

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):* | FOR COURT USE ONLY |
|---|---|

ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):*
Eric K. Yaeckel [CSB No.274608]; Leonel Fletes Jr. [CSB No. 339869]
SULLIVAN & YAECKEL LAW GROUP, APC; 2330 Third Ave., San Diego, CA 92101

TELEPHONE NO.: 619-702-6760      FAX NO. *(Optional):* 619-702-6761
E-MAIL ADDRESS: leof@sullivanlawgroupapc.com
ATTORNEY FOR *(Name):* Plaintiff JULIE BRITNEY CASTILLO

SUPERIOR COURT OF CALIFORNIA, COUNTY OF IMPERIAL
STREET ADDRESS: 939 Main Street
MAILING ADDRESS: 939 Main Street
CITY AND ZIP CODE: El Centro, 92243
BRANCH NAME: El Centro Courthouse

**FILED**
02/24/2022

SUPERIOR COURT
COUNTY OF IMPERIAL
CLERK OF THE COURT
BY___Joselyn Pradis___, DEPUTY

CASE NAME:
Julie Britney Castillo v. Geo Secure Services, LLC

| CIVIL CASE COVER SHEET | Complex Case Designation | CASE NUMBER: |
|---|---|---|
| [x] Unlimited (Amount demanded exceeds $25,000) | [ ] Limited (Amount demanded is $25,000 or less) | [ ] Counter  [ ] Joinder | ECU002280 |

Filed with first appearance by defendant
(Cal. Rules of Court, rule 3.402)

JUDGE: JEFFREY B. JONES
DEPT.: 7

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check **one** box below for the case type that best describes this case:

**Auto Tort**
[ ] Auto (22)
[ ] Uninsured motorist (46)
**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
[ ] Asbestos (04)
[ ] Product liability (24)
[ ] Medical malpractice (45)
[ ] Other PI/PD/WD (23)
**Non-PI/PD/WD (Other) Tort**
[ ] Business tort/unfair business practice (07)
[ ] Civil rights (08)
[ ] Defamation (13)
[ ] Fraud (16)
[ ] Intellectual property (19)
[ ] Professional negligence (25)
[ ] Other non-PI/PD/WD tort (35)
**Employment**
[ ] Wrongful termination (36)
[x] Other employment (15)

**Contract**
[ ] Breach of contract/warranty (06)
[ ] Rule 3.740 collections (09)
[ ] Other collections (09)
[ ] Insurance coverage (18)
[ ] Other contract (37)
**Real Property**
[ ] Eminent domain/Inverse condemnation (14)
[ ] Wrongful eviction (33)
[ ] Other real property (26)
**Unlawful Detainer**
[ ] Commercial (31)
[ ] Residential (32)
[ ] Drugs (38)
**Judicial Review**
[ ] Asset forfeiture (05)
[ ] Petition re: arbitration award (11)
[ ] Writ of mandate (02)
[ ] Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.403)**
[ ] Antitrust/Trade regulation (03)
[ ] Construction defect (10)
[ ] Mass tort (40)
[ ] Securities litigation (28)
[ ] Environmental/Toxic tort (30)
[ ] Insurance coverage claims arising from the above listed provisionally complex case types (41)
**Enforcement of Judgment**
[ ] Enforcement of judgment (20)
**Miscellaneous Civil Complaint**
[ ] RICO (27)
[ ] Other complaint *(not specified above)* (42)
**Miscellaneous Civil Petition**
[ ] Partnership and corporate governance (21)
[ ] Other petition *(not specified above)* (43)

2. This case [x] is [ ] is not    complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. [ ] Large number of separately represented parties
   b. [x] Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve
   c. [x] Substantial amount of documentary evidence
   d. [ ] Large number of witnesses
   e. [ ] Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
   f. [ ] Substantial postjudgment judicial supervision

3. Remedies sought *(check all that apply):* a. [x] monetary  b. [ ] nonmonetary; declaratory or injunctive relief  c. [ ] punitive
4. Number of causes of action *(specify):* Five causes of action pursuant to Labor Code.
5. This case [x] is [ ] is not    a class action suit.
6. If there are any known related cases, file and serve a notice of related case. *(You may use form CM-015.)*

Date: February 24, 2022
Leonel Fletes Jr.
_____
(TYPE OR PRINT NAME)

►  _____
(SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
• Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
• File this cover sheet in addition to any cover sheet required by local court rule.
• If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
• Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

Form Adopted for Mandatory Use
Judicial Council of California
CM-010 [Rev.September 1, 2021]

**CIVIL CASE COVER SHEET**

Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;
Cal. Standards of Judicial Administration, std. 3.10
www.courts.ca.gov

EXHIBIT B
Page 038

# EXHIBIT C

SUM-100

# SUMMONS
## (CITACION JUDICIAL)

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*

GEO SECURE SERVICES, LLC, a Florida Limited Liability Company;
and DOES 1-10, inclusive

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*

JULIE BRITANY CASTILLO, Individually, and on behalf of other
members of the general public similarly situated

*FOR COURT USE ONLY*
*(SOLO PARA USO DE LA CORTE)*

# FILED

02/24/2022

SUPERIOR COURT
COUNTY OF IMPERIAL
CLERK OF THE COURT
BY   Joselyn Pradis   , DEPUTY

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. **NOTE:** The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

| The name and address of the court is:<br>*(El nombre y dirección de la corte es):* Superior Court of California<br><br>Imperial County - El Centro Courthouse<br>939 W. Main Street, El Centro, CA 92243 | CASE NUMBER:<br>*(Número del Caso):*<br>ECU002280 |
|---|---|

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*

Leonel Fletes Jr.; Sullivan & Yaeckel Law Group APC; 2330 3rd Ave., San Diego, CA 92101; (619) 702-6760

| DATE:<br>*(Fecha)* 02/24/22 | Maria Rhinehart / Clerk of Court |  |
|---|---|---|
| | Clerk, by<br>*(Secretario)* Joselyn Pradis | , Deputy<br>*(Adjunto)* |

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010)).*

[SEAL]

**NOTICE TO THE PERSON SERVED:** You are served
1. ☑ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*

3. ☐ on behalf of *(specify):*

   under: ☐ CCP 416.10 (corporation)       ☐ CCP 416.60 (minor)
          ☐ CCP 416.20 (defunct corporation)  ☐ CCP 416.70 (conservatee)
          ☐ CCP 416.40 (association or partnership)  ☐ CCP 416.90 (authorized person)
          ☐ other *(specify):*
4. ☑ by personal delivery on (date): 3/4/22

Page 1 of 1

| Form Adopted for Mandatory Use<br>Judicial Council of California<br>SUM-100 [Rev. July 1, 2009] | **SUMMONS** | Code of Civil Procedure §§ 412.20, 465<br>*www.courtinfo.ca.gov* |
|---|---|---|

Imperial Superior Court Accepted through eDelivery submitted 02-24-2022 at 04:33:43 PM



EXHIBIT C
Page 039

EXHIBIT D

**SUPERIOR COURT OF CALIFORNIA**
**COUNTY OF IMPERIAL**
939 Main Street
El Centro, California 92243

**FILED**
Superior Court of California,
County of Imperial
**02/28/2022 at 03:46:00 PM**
By: Joselyn Pradis, Deputy Clerk

| | | |
|---|---|---|
| **Julie Britney Castillo** | ) | Case No. ECU002280 |
| Plaintiff/Petitioner, | ) | |
| | ) | **Notice of:** |
| vs. | ) | |
| | ) | **Case Management Conference** |
| **GEO Secure Services, LLC** | ) | |
| Defendant/Respondent. | ) | |
| | ) | |

**TO ALL PARTIES AND/OR ATTORNEYS OF RECORD:**

1. Notice is given that a **CASE MANAGEMENT CONFERENCE** has been scheduled as follows:

   **Case Management Conference: August 29, 2022 at 8:30 AM in El Centro Dept. 7.**

2. You must file and serve a completed Case Management Conference Statement at least fifteen (15) days before the case management conference.

3. You must be familiar with the case and be fully prepared to participate effectively in the case management conference.

4. At the case management conference the court may make pretrial orders, including the following:
   a)    An order establishing a discovery schedule.
   b)    An order referring the case to arbitration.
   c)    An order dismissing fictitious defendants.
   d)    An order scheduling exchange of expert witness information.
   e)    An order setting subsequent conferences and the trial date.
   f)    Other orders to achieve the goals of the Trial Court Delay Reduction Act
         (Gov. Code § 68600 et seq.).

5. Parties wishing to appear by telephone must comply with CRC 3.670 and Local Rule 3.8.6.

6. **SANCTIONS:** If you do not file the Case Management Conference Statement required by CRC 3.725, or attend the case management conference or participate effectively in the conference, the Court may impose sanctions (including dismissal of the case, striking of the answer, and payment of money).

Date: 02/28/2022                    Maria Rhinehart, Court Executive Officer

                                    By: ___**Joselyn Pradis**_____
                                         J. PRADIS, Deputy Clerk

CRC 3.725 and Imperial County Local Rule 3.1.2
Government Code §68600 et seq.

EXHIBIT D
Page 040

# Superior Court of California
# County of Imperial
# Alternative Dispute Resolution Information

NOTICE: In all general civil cases, plaintiff and cross-complaints are required to serve this form on each defendant or new party to the action.

Alternative Dispute Resolution (ADR) may help resolve disputes without trial. ADR is usually less expensive, less formal and less time consuming than a trial. ADR can also be less adversarial and may provide parties with the opportunity for more creative and/or flexible outcomes than can be achieved in trial. Since various ADR methods may or may not be appropriate in any particular case, it is advisable to consult with an attorney about options available.

### Mediation
An impartial person called a "mediator" helps the parties try to reach a mutually agreeable resolution of the dispute. The outcome is decided only by the parties. If the parties do not reach an agreement, the mediator does not make any decisions or recommendations to the court. Mediation is useful when the parties have a relationship they wish to preserve. Mediation may not be as useful if one of the parties is unwilling to compromise, or if one party has significant power over the other. The only court sponsored mediation service available in the Superior Court is for child custody and visitation.

### Arbitration
An impartial person called an "arbitrator" listens to evidence and argument from both sides and then decides the outcome. Arbitration is less formal than a trial, and the rules of evidence may be relaxed. Pursuant to Imperial Superior Court Local Rules, Division 5 – Arbitration, Rule 3.5.0, all non-exempt unlimited civil cases where the amount in controversy does not exceed $50,000 as to any plaintiff, and all limited civil cases shall be submitted to arbitration under CCP 1141.10 et seq.

### Settlement Conference
The parties and their attorneys meet with a judicial officer to discuss possible settlement of the dispute. The judicial officer assists the parties in evaluating the strengths and weaknesses of the case, but does not make any decision. Settlement conferences are scheduled upon request of the parties and order of the judge assigned to the case.

### Additional Information
For information on Superior Court of California, County of Imperial's arbitration process see the Local Rules at www.imperial.courts.ca.gov and Stipulation to Use of Alternative Dispute Resolution Process, Local Form GN-02.

ADR Information
GN-04 (Adopted (01/01/12)

EXHIBIT D
Page 041

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):* | FOR COURT USE ONLY |
|---|---|
| TELEPHONE NO.:                    FAX NO *(Optional):*<br>E-MAIL ADDRESS *(Optional)*<br>ATTORNEY FOR *(Name):* | |
| **SUPERIOR COURT OF CALIFORNIA, COUNTY OF IMPERIAL**<br>**939 W. Main Street**<br>**El Centro, CA 92243** | |
| PETITIONER:<br>RESPONDENT: | |
| **STIPULATION TO USE OF ALTERNATIVE DISPUTE**<br>**RESOLUTION PROCESS (California Rules of Court 3.221)** | CASE NUMBER: |

The parties and/or their attorneys stipulate that the matter is at issue and that this action shall be submitted to the following alternative dispute resolution process. Selection of any of these options will not delay any case management timelines.

_____  Court Ordered Non-Binding Arbitration (Cases valued at $50,000 or less)

_____  Private Mediation

_____  Private Binding Arbitration

_____  Other (specify):_____

It is also stipulated that the following shall serve as arbitrator, mediator or other neutral:

_____.

Date:_____     Date:_____


_____     _____
Name of Plaintiff/Petitioner                         Name of Defendant/Respondent


_____     _____
Signature of Plaintiff/Petitioner                    Signature of Defendant/Respondent


_____     _____
Name of Plaintiff's Attorney                         Name of Defendant's Attorney


_____     _____
Signature of Attorney                                Signature of Attorney

MAR 0 4 2022

EXHIBIT E

**LEWIS BRISBOIS BISGAARD & SMITH LLP**
JEFFREY S. RANEN, SB# 224285
   E-Mail: Jeffrey.Ranen@lewisbrisbois.com
SOOJIN KANG, SB# 219738
   E-Mail: Soojin.Kang@lewisbrisbois.com
ERIC O. ZEIGER, SB# 312425
   E-Mail: Eric.Zeiger@lewisbrisbois.com
633 West 5th Street, Suite 4000
Los Angeles, California 90071
Telephone: 213.250.1800
Facsimile: 213.250.7900

Attorneys for Defendant GEO SECURE
SERVICES, LLC

## SUPERIOR COURT OF THE STATE OF CALIFORNIA

## COUNTY OF IMPERIAL

| | |
|---|---|
| JULIE BRITNEY CASTILLO Individually, and on behalf of other members of the general public similarly situated,<br><br>          Plaintiff,<br><br>     vs.<br><br>GEO SECURE SERVICES, LLC, a Florida limited liability company; and DOES 1-10, inclusive,<br><br>          Defendants. | Case No. ECU002280<br><br>**DEFENDANT GEO SECURE SERVICES, LLC'S ANSWER TO PLAINTIFF'S COMPLAINT**<br><br>[Assigned for All Purposes to: Hon. Jeffrey B. Jones, Dept. 7]<br><br>Action Filed:      February 24, 2022<br>Trial Date:        None Set |

Defendant GEO SECURE SERVICES, LLC ("Defendant") answers the Complaint ("Complaint") of Plaintiff JULIE BRITNEY CASTILLO ("Plaintiff"), as follows:

## **GENERAL DENIAL**

Under the provisions of Section 431.30 of the California *Code of Civil Procedure*, Defendant denies each, every, and all of the allegations of said Complaint, and the whole thereof, and denies that Plaintiff has sustained damages in the sums alleged, or in any other sum, or at all, and denies that Plaintiff is entitled to the relief prayed for, in whole or in part.

Further answering Plaintiff's Complaint on file herein, and the whole thereof, Defendant denies that Plaintiff has sustained any injury, damage or loss, if any, by reason of any act or omission of Defendant or their agents or employees.

4890-8773-8394.1                                          1

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

EXHIBIT E
Page 044

**AFFIRMATIVE DEFENSES**

In further answering to the Complaint, and as separate and distinct affirmative defenses, Defendant alleges the following defenses:

**FIRST AFFIRMATIVE DEFENSE**

**(Failure to State a Cause of Action)**

1.      Defendant alleges that neither the Complaint nor any purported cause of action alleged therein state claims upon which relief can be granted.

**SECOND AFFIRMATIVE DEFENSE**

**(No Willful Conduct)**

2.      Defendant alleges that even if Defendant engaged in conduct alleged by Plaintiff, which allegations Defendant denies, such actions or failure to act were not willful.

**THIRD AFFIRMATIVE DEFENSE**

**(Adequate Remedy at Law)**

3.      Defendant alleges that the Complaint fails to state facts sufficient to support any granting of extraordinary or equitable relief, and otherwise has adequate remedies at law.

**FOURTH AFFIRMATIVE DEFENSE**

**(Lack of Standing)**

4.      Defendant alleges that Plaintiff lacks standing to assert some, or all of the claims alleged in the Complaint.

**FIFTH AFFIRMATIVE DEFENSE**

**(Statute of Limitations)**

5.      Plaintiff's claims are barred, in whole or in part, to the extent that Plaintiff has failed to file this action within the applicable statutes of limitations, including without limitation *Code of Civil Procedure* sections 338 and 340; *Business and Professions Code* section 17200, *et seq*.

/ / /

/ / /

/ / /

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

4890-8773-8394.1

DEFENDANT GEO SECURE SERVICES, LLC'S ANSWER TO PLAINTIFF JULIE BRITNEY CASTILLO'S COMPLAINT

EXHIBIT E
Page 045

**SIXTH AFFIRMATIVE DEFENSE**

**(Estoppel)**

6.    Defendant alleges that Plaintiff, by virtue of her own inequitable conduct, is estopped from recovery on the Complaint and each claim for relief therein.

**SEVENTH AFFIRMATIVE DEFENSE**

**(Consent)**

7.    Defendant alleges that Plaintiff, at all relevant times, gave her consent, express or implied, to the alleged acts, omissions, and conduct of Defendant.

**EIGHTH AFFIRMATIVE DEFENSE**

**(Laches)**

8.    Defendant alleges that Plaintiff's claims as set forth in the Complaint are barred by the equitable doctrine of laches.

**NINTH AFFIRMATIVE DEFENSE**

**(Unclean Hands)**

9.    Defendant alleges that the Complaint is barred, in its entirety, by the doctrine of unclean hands.

**TENTH AFFIRMATIVE DEFENSE**

**(Penalties)**

10.    Defendant alleges that the Complaint fails to allege facts sufficient to establish a claim for penalties.

**ELEVENTH AFFIRMATIVE DEFENSE**

**(Waiver)**

11.    Defendant alleges that the Complaint, and each purported cause of action contained therein, is barred by the doctrine of waiver.

**TWELFTH AFFIRMATIVE DEFENSE**

**(Attorneys' Fees)**

12.    Defendant alleges that the Complaint fails to allege facts sufficient to establish a claim for attorneys' fees.

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

4890-8773-8394.1

3

DEFENDANT GEO SECURE SERVICES, LLC'S ANSWER TO PLAINTIFF
JULIE BRITNEY CASTILLO'S COMPLAINT

EXHIBIT E
Page 046

## THIRTEENTH AFFIRMATIVE DEFENSE

### (Defendant's Good Faith Belief)

13.     Defendant alleges that Plaintiff's Complaint, and each purported cause of action therein, is barred, in whole or in part, because actions taken with respect to Plaintiff's employment, if any, were based on an honest, reasonable, and good faith belief in the facts as known and understood at the time.

## FOURTEENTH AFFIRMATIVE DEFENSE

### (De Minimis Damages)

14.     Defendant alleges that if, in fact, there was a failure to pay for all time worked, the time is de minimis and therefore not compensable.

## FIFTEENTH AFFIRMATIVE DEFENSE

### (Plaintiff Did Not Sustain Any Damages)

15.     Defendant alleges that Plaintiff's claim for prejudgment interest is barred because Plaintiff has sustained no damages.

## SIXTEENTH AFFIRMATIVE DEFENSE

### (No Wages Owed)

16.     Defendant alleges Plaintiff's claims for unpaid, regular, or overtime wages are barred because Defendant timely paid all wages owed to Plaintiff.

## SEVENTEENTH AFFIRMATIVE DEFENSE

### (Unintentional Conduct)

17.     Plaintiff's claims for civil penalties pursuant to California *Labor Code* section 226 are barred because, in the event that Defendant failed to provide accurate, itemized wage statements, which it denies, Defendant did not knowingly or intentionally do so.

## EIGHTEENTH AFFIRMATIVE DEFENSE

### (Rest Period Law)

18.     Defendant alleges that pursuant to the applicable Wage Orders and California *Labor Code* sections, Defendant "authorized and permitted" Plaintiff and the putative class members to take all uninterrupted rest periods.

4890-8773-8394.1

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

1

## NINETEENTH AFFIRMATIVE DEFENSE

2

### (Meal Period Law)

3      19.      Defendant alleges that pursuant to the applicable Wage Orders and California

4   *Labor Code* sections, Defendant "provided" Plaintiff and the putative class members uninterrupted

5   meal periods.

6

## TWENTIETH AFFIRMATIVE DEFENSE

7

### (Labor Code Section 226)

8      20.      Defendant alleges Plaintiff and the putative class members did not suffer an actual

9   injury and therefore cannot recover damages or statutory penalties under California *Labor Code*

10  section 226.

11

## TWENTY-FIRST AFFIRMATIVE DEFENSE

12

### (Plaintiff's Acts)

13      21.      Plaintiff's damages, if any, were caused by Plaintiff's own intentional or negligent

14  acts, thus barring or limiting Plaintiff's right to recovery.

15

## TWENTY-SECOND AFFIRMATIVE DEFENSE

16

### (Failure to Exhaust Administrative Remedies)

17      22.      Defendant is informed and believes and therein alleges that Plaintiff's causes of

18  action are barred because Plaintiff has failed to satisfy the statutory prerequisites to sue and to

19  exhaust administrative remedies under the California *Labor Code* and/or any other applicable

20  administrative remedy.

21

## TWENTY-THIRD AFFIRMATIVE DEFENSE

22

### (Properly Received Wage Statements)

23      23.      Plaintiff's claims for wage statement violations are barred because accurate,

24  itemized wage statements were timely provided.

25  / / /

26  / / /

27  / / /

28  / / /


LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

DEFENDANT GEO SECURE SERVICES, LLC'S ANSWER TO PLAINTIFF
JULIE BRITNEY CASTILLO'S COMPLAINT

EXHIBIT E
Page 048

## TWENTY-FOURTH AFFIRMATIVE DEFENSE

### (Speculative Damages)

24.    Defendant alleges that Plaintiff and the putative class members are precluded from recovering the damages alleged in the Complaint because those damages are too vague, uncertain, and speculative to permit recovery.

## TWENTY-FIFTH AFFIRMATIVE DEFENSE

### (Inadequate Class Representative)

25.    Defendant alleges that Plaintiff's claims, and those of the putative class members, are barred, in whole or in part, because Plaintiff is an inadequate class representative to the claims asserted.

## TWENTY-SIXTH AFFIRMATIVE DEFENSE

### (Uncertifiable Putative Class)

26.    Defendant alleges that Plaintiff's claims, and those of the putative class members, are barred because Defendant has not engaged in actions of the kind alleged that are generally applicable to the proposed class of Plaintiff, and as such, this action is not properly maintainable and/or does not qualify for certification under the requirements for a class action.

## TWENTY-SEVENTH AFFIRMATIVE DEFENSE

### (No Common Questions of Law and Fact)

27.    Defendant alleges that questions of law or fact common to the putative class members do not predominate over questions affecting individual members of the proposed class. Therefore, this action is not appropriate for certification as a class action.

## TWENTY-EIGHTH AFFIRMATIVE DEFENSE

### (No Typicality)

28.    Defendant alleges that Plaintiff's claims, and those of the putative class members, are barred, in whole or in part, because Plaintiff cannot establish that her claims are typical of those of the class and therefore the Complaint cannot proceed as a class action.

/ / /

/ / /

6

DEFENDANT GEO SECURE SERVICES, LLC'S ANSWER TO PLAINTIFF
JULIE BRITNEY CASTILLO'S COMPLAINT

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

EXHIBIT E
Page 049

1

## TWENTY-NINTH AFFIRMATIVE DEFENSE

2

### (No Numerosity)

3

      29.    Defendant alleges that Plaintiff's claims, and those of the putative class members,

4

are barred, in whole or in part, because Plaintiff cannot establish that members of the class are so

5

numerous that joinder is impracticable.  Therefore, this action is not appropriate for certification as

6

a class action.

7

## THIRTIETH AFFIRMATIVE DEFENSE

8

### (No Community of Interest)

9

      30.    Defendant alleges that the class allegations in the Complaint are improper as a

10

matter of law because there is no community of interest in the claims asserted by Plaintiff and

11

those of the purported putative class.

12

## THIRTY-FIRST AFFIRMATIVE DEFENSE

13

### (Satisfaction of Claim)

14

      31.    Defendant alleges that Plaintiff and the putative class members are entirely, or

15

alternatively, partially, barred from recovery in this action to the extent that they have received

16

any consideration from Defendant or from anyone else in satisfaction of any purported claims

17

against Defendant.

18

## THIRTY-SECOND AFFIRMATIVE DEFENSE

19

### (Released Claims)

20

      32.    Defendant alleges that Plaintiff's individual and class claims are barred to the

21

extent that the claims therein were released via prior settlements.

22

## THIRTY-THIRD AFFIRMATIVE DEFENSE

23

### (Unfair Business Practices)

24

      33.    Without admitting the allegations of the Complaint, Defendant alleges that

25

Plaintiff's claims, and those of the putative class members, for Violation of California *Business*

26

*and Professions Code* sections 17200, *et seq.* are barred in that Plaintiff and the putative class

27

members have failed to establish a regular business practice or unlawful pattern of conduct, the

28

public is not likely to be deceived by any alleged practices, Defendant gained no competitive

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

4890-8773-8394.1
7
DEFENDANT GEO SECURE SERVICES, LLC'S ANSWER TO PLAINTIFF
JULIE BRITNEY CASTILLO'S COMPLAINT

EXHIBIT E
Page 050

1  advantage by such practices, and the benefits of the alleged practices outweigh any harm or other

2  impact they may cause.

### THIRTY-FOURTH AFFIRMATIVE DEFENSE

### (Improper Representative Allegations)

34.    Defendant alleges that Plaintiff's class and sub-class definitions are uncertain and contain improper fail-safe definitions, barring Plaintiff from representing any person other than herself.

### THIRTY-FIFTH AFFIRMATIVE DEFENSE

### (Unmanageable Class)

35.    Defendant alleges that Plaintiff's claims, and those of the putative class members, are barred in whole or in part, because Plaintiff cannot establish a manageable class trial.

### THIRTY-SIXTH AFFIRMATIVE DEFENSE

### (Avoidable Consequences)

36.    Plaintiff is precluded from asserting her Complaint and each purported cause of action therein, because she failed to exercise reasonable care to avoid the injuries she purportedly suffered in that, among other things, Plaintiff unreasonable failed to utilize Defendant's internal grievance procedures.

### THIRTY-SEVENTH AFFIRMATIVE DEFENSE

### (Reimbursement of Expenses)

37.    Plaintiff's claims for civil penalties pursuant Labor Code section 2802 are barred because all business-related expenses were properly reimbursed .

### THIRTY-EIGHTH AFFIRMATIVE DEFENSE

### (Preemption)

38.    Defendant alleges that Plaintiff's claims and/or causes of action are barred, in whole or in part, by the doctrine of preemption.

/ / /

/ / /

/ / /


LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

DEFENDANT GEO SECURE SERVICES, LLC'S ANSWER TO PLAINTIFF
JULIE BRITNEY CASTILLO'S COMPLAINT

EXHIBIT E
Page 051

1    <u>**THIRTY-NINTH AFFIRMATIVE DEFENSE**</u>

2    **(Exemptions)**

3    39.    Defendant alleges that Plaintiff's Labor Code claims are subject to statutory

4    exemptions, in whole or in part.

5    <u>**FORTIETH AFFIRMATIVE DEFENSE**</u>

6    **(Unknown Defenses)**

7    40.    Defendant alleges that they may have other separate and/or additional defenses of

8    which it is not aware, and hereby reserve the right to assert them by amending this Answer as

9    discovery continues.

10

11   DATED:  April 4, 2022          **LEWIS BRISBOIS BISGAARD & SMITH LLP**

12

13                                 By:

14                                 JEFFREY S. RANEN
                                   SOOJIN KANG
15                                 ERIC O. ZEIGER
                                   Attorneys for Defendant GEO SECURE
16                                 SERVICES, LLC

17

18

19

20

21

22

23

24

25

26

27

28

DEFENDANT GEO SECURE SERVICES, LLC'S ANSWER TO PLAINTIFF
JULIE BRITNEY CASTILLO'S COMPLAINT

EXHIBIT E
Page 052

**CALIFORNIA STATE COURT PROOF OF SERVICE**
Julie Britney Castillo v. Geo Secure Services, LLC, et al.
Case No. ECU002280

STATE OF CALIFORNIA, COUNTY OF LOS ANGELES

At the time of service, I was over 18 years of age and not a party to this action.  My business address is 633 West 5th Street, Suite 4000, Los Angeles, CA 90071.

On April 4, 2022, I served true copies of the following document(s):  DEFENDANT GEO SECURE SERVICES, LLC'S ANSWER TO PLAINTIFF JULIE BRITNEY CASTILLO'S COMPLAINT

I served the documents on the following persons at the following addresses (including fax numbers and e-mail addresses, if applicable):

**SEE ATTACHED SERVICE LIST**

The documents were served by the following means:

☒    (BY U.S. MAIL)  I enclosed the documents in a sealed envelope or package addressed to the persons at the addresses listed above and:

☒    Placed the envelope or package for collection and mailing, following our ordinary business practices.  I am readily familiar with the firm's practice for collection and processing correspondence for mailing.  Under that practice, on the same day that correspondence is placed for collection and mailing, it is deposited in the ordinary course of business with the U.S. Postal Service, in a sealed envelope or package with the postage fully prepaid.

☒    (BY E-MAIL OR ELECTRONIC TRANSMISSION)  Based on a court order or an agreement of the parties to accept service by e-mail or electronic transmission, I caused the documents to be sent from e-mail address Gabriel.Hudson@lewisbrisbois.com to the persons at the e-mail addresses listed above.  I did not receive, within a reasonable time after the transmission, any electronic message or other indication that the transmission was unsuccessful.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed on April 4, 2022, at Los Angeles, California.

_Gabriel Hudson_
Gabriel Hudson

4890-8773-8394.1

10

DEFENDANT GEO SECURE SERVICES, LLC'S ANSWER TO PLAINTIFF
JULIE BRITNEY CASTILLO'S COMPLAINT

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

EXHIBIT E
Page 053

**SERVICE LIST**
**Julie Britney Castillo v. Geo Secure Services, LLC, et al.**
**Case No. ECU002280**

1
2
3  Eric K. Yaeckel, Esq.                          Attorneys for *Plaintiff*
   Leonel Fletes Jr., Esq.                        JULIE BRITNEY CASTILLO
4  SULLIVAN & YAECKEL LAW GROUP,
   APC
5  2330 Third Avenue
   San Diego, CA 92101
6  Telephone: (619) 702-6760
   Facsimile: (619) 702-6761
7  Email: yaeckel@sullivanlawgroupapc.com;
   leof@sullivanlawgroupapc.com
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

4890-8773-8394.1                                    11

DEFENDANT GEO SECURE SERVICES, LLC'S ANSWER TO PLAINTIFF
JULIE BRITNEY CASTILLO'S COMPLAINT

EXHIBIT E
Page 054

1

**CERTIFICATE OF SERVICE**

2          I hereby certify that, on April 4, 2022, I electronically filed the foregoing

3    **DEFENDANT GEO SECURE SERVICES, LLC'S NOTICE OF**

4    **REMOVAL** with the Clerk of the Court using the CM/ECF system, which will

5    send notification of such filing via electronic mail to all counsel of record.

6

7    Dated: April 4, 2022                              _/s/ Jeffrey Ranen_

8                                                      Jeffrey Ranen

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

